State v. Davis

---

STATE OF NORTH CAROLINA v. SARA DAVIS

No. 7010SC321

(Filed 15 July 1970)

Criminal Law § 88— cross examination by defense counsel — harmless error

Defendant was not prejudiced when trial court refused to permit defense counsel to cross examine a police officer concerning warrants which had been issued for defendant's arrest, the warrants being collateral matters.

APPEAL by defendant from Bailey, J., 3 February 1970 Session, WAKE Superior Court.

The defendant was charged in a valid bill of indictment with the crime of larceny from the person. The defendant entered a plea of not guilty. From a verdict of guilty by the jury and the imposition of a sentence of not less than 6 nor more than 10 years, the defendant appealed.

The evidence discloses that on 29 April 1969 J. M. Glover, a member of the Raleigh Police Department, arrested Charles Bridges for public intoxication. The officer placed handcuffs on Bridges and attempted to get him from the railroad tracks, where he was arrested, to the police car. In order to accomplish this, it was necessary to go up an embankment. Bridges refused to go voluntarily, and the officer was unable to take him. During

this time the defendant and four or five other persons gathered, and the defendant proceeded to encourage Bridges to resist the officer's attempts to get him to the police car. The officer decided to wait until assistance came, and some 20 or 25 minutes elapsed. The officer continued to hold Bridges with his left hand on which he was wearing a wrist watch. The defendant came to the officer and grabbed the band which held the watch on the wrist. The officer requested that she turn loose and leave him alone. The defendant refused to do so, and finally succeeded in breaking the band of the wrist watch. When this occurred, the officer grabbed her with his right hand which was free. The defendant picked up a bottle, and thereupon the officer turned her loose. She took the watch and ran up the embankment and disappeared. The officer never saw his watch again.

*Attorney General Robert Morgan by Staff Attorney Donald M. Jacobs for the State.*

*Samuel S. Mitchell and Romallus O. Murphy for defendant appellant.*

CAMPBELL, J.

The defendant assigns as error the ruling of the trial court in refusing to permit defendant's counsel to cross examine the police officer concerning warrants which had been issued for the defendant for (1) obstructing an officer and (2) an assault. These two warrants were identified by the witness. They had not then been introduced in evidence, and later when the defendant was offering evidence, they were introduced in evidence as exhibits. These warrants were collateral matters, and there was no error in the ruling by the trial court.

The defendant also assigns error in the charge of the trial court to the jury as to what facts would constitute the crime of larceny from the person. We have read the charge in its entire context, and we find no prejudicial error therein.

The evidence was ample, and the defendant was given a trial which was fair and free of prejudicial error. The jury found the facts against the defendant, and in the trial we find

No Error.

PARKER and VAUGHN, JJ., concur.